UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEREMY BARRETT (#100542)

VERSUS                                        CIVIL ACTION

LOUISIANA DEPARTMENT OF                       NUMBER 09-116-JJB-SCR
CORRECTIONS, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 2, 2009.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEREMY BARRETT (#100542)

VERSUS                                                CIVIL ACTION

LOUISIANA DEPARTMENT OF                               NUMBER 09-116-JJB-SCR
CORRECTIONS, ET AL

MAGISTRATE JUDGE'S REPORT

Before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner was convicted in East Baton Rouge Parish, Louisiana and is now confined at Rivers Correctional Center, Ferriday, Louisiana. Petitioner alleged that his re-imprisonment pursuant to the Louisiana parole revocation statutes has resulted in his unlawful incarceration. Specifically, the petitioner alleged that after serving half of his 25 year sentence, he was credited with earned good time and released from custody as if on parole. Approximately five years later the petitioner was arrested on new criminal charges and his good time parole was then revoked. Petitioner alleged that he is being required to serve the balance of his original sentence without credit for the five years he was released from custody but subject to parole supervision. Petitioner argued that his full term sentence date was improperly extended and he is entitled to immediate release from custody.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available

in the court of the state that exercised custody over the petitioner.  28 U.S.C.§ 2254(b).  Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court.  *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).  Although § 2241 contains no statutory requirement of exhaustion like that found in § 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation. *Robinson v. Wade*, 686 F.2d 298, 303 n. 8 (5th Cir. 1982); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2396 (1975).

It is clear on the face of the complaint that the petitioner has failed to exhaust available state court remedies.  Therefore, the petitioner's claims should be dismissed without prejudice for failure to exhaust available state court remedies.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, without prejudice, for failure to exhaust state remedies.

Baton Rouge, Louisiana, March 2, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

2